STATE OF NORTH CAROLINA v. HERMAN QUEEN, JR.

No. 8327SC536

(Filed 3 January 1984)

**Criminal Law § 163— failure to object to charge—waiver of right to assert error on appeal**

> In a prosecution for committing a crime against nature where the defendant failed to object to the instructions to the jury or to evidence introduced at trial concerning other crimes, defendant could not assign them as error on appeal. App. R. 10(b)(2).

APPEAL by defendant from *Burroughs, Judge.* Judgment entered 16 December 1982 in Superior Court, CLEVELAND County. Heard in the Court of Appeals 9 December 1983.

Defendant appeals from a judgment of imprisonment entered upon his conviction of committing a crime against nature.

*Attorney General Edmisten, by Assistant Attorney General William F. Briley, for the State.*

*Appellate Defender Adam Stein, by Assistant Appellate Defender Nora B. Henry, for defendant appellant.*

WHICHARD, Judge.

Defendant contends the court erred in admitting evidence that he committed a crime against nature on two occasions other than that for which he was indicted. He did not, however, object to this evidence at trial. He thus has waived his right to assert the alleged error on appeal. G.S. 15A-1446(b); *State v. McDougall,* 308 N.C. 1, 9, 301 S.E. 2d 308, 314, *cert. denied,* --- U.S. ---, 78 L.Ed. 2d 173, 104 S.Ct. 197 (1983).

Defendant contends the court erred in instructing on this evidence. He did not, however, object to the instructions at trial. He thus cannot assign them as error on appeal. N.C. R. App. P. 10(b)(2).

We do not find "plain error" in the admission of, or the instructions on, this evidence. *See State v. Odom,* 307 N.C. 655, 660-61, 300 S.E. 2d 375, 378-79 (1983).

Defendant contends that by instructing the jury as to the evidence of all three acts, rather than solely that for which he was indicted, the court sanctioned a nonunanimous verdict. His theory is that the instructions left the jury "free to choose any of the incidents" and "did not make it clear that the jury had to be unanimous as to which incident it found had been proved."

Again, defendant did not object to the instructions at trial and thus cannot assign them as error on appeal. N.C. R. App. P. 10(b)(2). Further, in his opening remarks to the jury the prosecuting attorney described the incident set forth in the indictment as the one for which defendant was being tried. This was the only one of the three incidents as to which there was testimony which corroborated that of the victim. The record provides no basis for concluding that the jury disbelieved the corroborated evidence as

to this incident and believed the uncorroborated evidence as to the others. We thus find this contention without merit.

Defendant finally contends the court erred in admitting prejudicial evidence on cross-examination of defendant. Again, defendant did not object to the prosecuting attorney's question, and thus has no right to assert the alleged error on appeal. G.S. 15A-1446(b); *State v. McDougall, supra.* The question posed was not so grossly improper as to require *ex mero motu* intervention by the trial court. *See State v. Jordan,* 49 N.C. App. 561, 568-70, 272 S.E. 2d 405, 410-11 (1980). Finally, defendant's answer to the question denied the accusation contained therein. We thus find no merit to this contention.

No error.

Judges WEBB and WELLS concur.